```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

| | | |
|---|---|---|
| JUNIOR OATMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 118-089 |
| | * | |
| AUGUSTA COLLECTION AGENCY, | * | |
| INC., | * | |
| | * | |
| Defendant. | * | |

### O R D E R

Before the Court is Defendant Augusta Collection Agency, Inc.'s motion for reconsideration. (Doc. 20.) Defendant makes three arguments for reconsideration of the Court's December 12, 2019 Order granting in part and denying in part Defendant's motion for summary judgment. Plaintiff Junior Oatman responded to the motion, and it is ripe for decision. For the following reasons, Defendant's motion is granted in part and denied in part.

### I.   BACKGROUND

This case arises out of a number of alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.* Plaintiff alleges that Defendant violated Sections 1692c, 1692d, and 1692e of the FDCPA as well as Section

227(b)(1)(A)(iii) of the TCPA. Defendant moved for summary judgment. In its December 12, 2019 Order ("Order"), the Court granted the motion as to Plaintiff's TCPA claims but denied the motion as to the FDCPA claims. (Doc. 18.) Defendant now moves for reconsideration on the FDCPA claims.

## II. LEGAL STANDARD

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, No 2:09-cv-093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013). District courts have the discretion to reconsider interlocutory orders like the one at issue any time before final judgment under Rule 54(b). See Watkins v. Capital City Bank, No. 3:10-cv-087, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012); Lambert v. Briggs & Stratton Corp., No. 6:04-cv-016, 2006 WL 156875, at *1 (S.D. Ga. Jan. 19, 2006).

Although the text of Rule 54(b) does not specify a standard to be used by courts in exercising authority under the Rule, courts in this Circuit "have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index

Powered Fin. Servs., LLC, No. 07-22735, 2008 WL 5691349, at *1-2 (S.D. Fla. Mar. 14, 2008); accord Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010). The movant must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision, for reconsideration is an extraordinary remedy to be employed sparingly. See Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-CV-1969, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011). A motion for reconsideration should not be used to present arguments already heard and dismissed, or to offer new legal theories or evidence that a party could have presented before the original decision. See S.E.C. v. Mannion, No. 1:10-cv-3374, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013).

### III. DISCUSSION

Defendant makes three arguments in its motion, all relating to the FDCPA claims. First, that the Court relied on inadmissible evidence in denying summary judgment on the Section 1692c claim. Second, that under Section 1692d, Defendant permissibly explained its legal options by telling Plaintiff it may garnish his wages. Third, that Plaintiff did not carry his summary judgment burden for his Section 1692e claim.

1. 15 U.S.C. § 1692c Claim

Defendant argues that the Court relied on an inadmissible statement Plaintiff made in his deposition and that the statement

3

was an improper basis for denying summary judgment. The statement was: Defendant "call[ed] my employer not only to verify my insurance, but to garnish my wages through my paycheck." (See Oatman Dep., Doc. 12-2, at 95.)

Federal Rule of Civil Procedure 56 requires facts to be supported by admissible evidence. Defendant argues that Plaintiff did not have any foundation or personal knowledge of whether Defendant actually called and spoke to Plaintiff's employer and that there is no evidence that would be admissible at trial to prove that Defendant ever contacted Plaintiff's employer.[1] However, when interpreting Rule 56 the United States Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) ruled, "We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment." The Eleventh Circuit interpreted this statement as "simply allowing *otherwise admissible* evidence to be submitted in *inadmissible form* at the summary judgment stage, though at trial it must be submitted in admissible form." McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996) (emphasis in original); see also Offshore Aviation v. Transcon Lines, Inc., 831 F.2d 1013,

---

[1] Defendant's other arguments about the legal process for wage garnishment are unavailing. Section 1692c asks only whether the debt collector communicated with a third party in connection with the collection of the debt. It does not inquire further into the contents of the communications. See 15 U.S.C. § 1692c(b).

4

1015 (11th Cir. 1987) (per curiam) ("The claim by [the summary judgment movant] that the [piece of evidence] is inadmissible hearsay does not undercut the existence of any material facts the [piece of evidence] may put into question."). "However, the mere possibility that unknown witnesses will emerge to provide testimony is insufficient to establish that a hearsay statement could become admissible at trial." Robertson v. Interactive Coll. of Tech./Interactive Learning Sys., Inc., 743 F. App'x 269, 273 (11th Cir. 2018) (citing Jones v. UPS Ground Freight, 683 F.3d 1283, 1294 (11th Cir. 2012)).

While there are some inconsistencies in how the Celotex rule is applied, all applications would lead to the same result in this case.[2] Here, there is no foundation demonstrating that Plaintiff had any personal knowledge of a call from Defendant to his employer regarding his debt as prohibited by Section 1692c. Neither does Plaintiff indicate that he can present that fact in an admissible

---

[2] Sometimes, courts apply the rule to exclude evidence from consideration at summary judgment when an affidavit or deposition (itself potentially inadmissible) contains inadmissible hearsay. See, e.g., Macuba v. Deboer, 193 F.3d 1316, 1324 (11th Cir. 1999) (finding error in consideration of inadmissible hearsay testimony within a deposition). Other courts consider hearsay contained within an affidavit or deposition so long as Plaintiff could present the hearsay evidence in admissible form at trial. See, e.g., Offshore Aviation v. Transcon Lines, Inc., 831 F.2d 1013, 1015 (11th Cir. 1987) (considering a letter containing hearsay evidence at summary judgment "because the inadmissibility of the [evidence] does not undercut the existence of any material facts").

5

form.[3]  Accordingly, summary judgment in favor of Defendant on Plaintiff's Section 1692c claim is proper.

## 2. 15 U.S.C. § 1692d Claim

Defendant next argues that it permissibly explained its legal options to Plaintiff when it told him that it could garnish Plaintiff's wages.  This is the same argument Defendant made at the summary judgment stage, and it will not be considered again.[4] See Raiford v. Nat'l Hills Exch., LLC, No. CV 111-152, 2014 WL 97359, at *1 (S.D. Ga. Jan. 8, 2014) ("A motion for reconsideration should not be used to present arguments already heard and dismissed . . . .").

## 3. 15 U.S.C. § 1692e Claim

Finally, Defendant argues that Plaintiff bears the burden of proof on his Section 1692e claim, which he failed to satisfy.  The subsection of Section 1692e at issue prohibits debt collectors from making threats of garnishment or other legal action without

---

[3] Plaintiff's response to the motion for reconsideration does not address Defendant's admissibility argument.  (See Doc. 21.)

[4] Defendant posits that the Court's interpretation of Section 1692d would effectively prohibit a debt collector from advising a debtor of the collector's legal options.  Section 1692d does not have that effect.  It is intended to stop debt collectors from harassing, oppressing, and abusing debtors, and the determination of whether a debt collector's conduct violates the section is ordinarily one for the jury.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985) (citing legislative history). The Order acknowledged that a threat of legal action is not inherently violative of Section 1692d but could violate it if the threat reflects a "tone of intimidation."  Id.

6

the intention to take such action. See 15 U.S.C. §§ 1692e(4), (5). "[S]ubsection (5) requires proof of a fact which amounts to a *per se* violation of § 1692e." Jeter, 760 F.2d at 1175. Plaintiff identified evidence that Defendant threatened to take legal action, namely, to sue him and garnish his wages.

However, Plaintiff did not identify evidence demonstrating Defendant did not intend to take those actions beyond the fact that it had not filed suit. "[Section] 1692e contains no provision that filing a lawsuit is the only way for a debt collector to establish that it actually had intended to file a lawsuit." Shuler v. Ingram & Assocs., 441 F. App'x 712, 719 (11th Cir. 2011) (affirming grant of summary judgment finding no violation of Section 1692e when evidence of intent was the nonexistence of a lawsuit); compare with Jeter, 760 F.2d at 1176-77 (affirming denial of summary judgment when plaintiff presented evidence that defendant sued on only a small percentage of its debts and that it had not sued plaintiff). Also, Plaintiff has not presented evidence to show that Defendant "secretly never intended to sue or has only sued on rare occasions." Shuler, 551 F. App'x at 719. This means that Plaintiff did not carry his burden to demonstrate a *per se* violation of Section 1692e because the nonexistence of a lawsuit alone in this case does not indicate an intent not to file suit. See id. at 719-20. Accordingly, the Court agrees that

7

Defendant is entitled to summary judgment on Plaintiff's Section 1692e claim.

### IV. CONCLUSION

Upon the foregoing, Defendant's motion for reconsideration (doc. 20) is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is appropriate on Plaintiff's Section 1692c and 1692e claims. The case shall proceed to trial in due course on Plaintiff's Section 1692d claim.

**ORDER ENTERED** at Augusta, Georgia this 20th day of April, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA